**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THOMAS J. ALSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-2322 (RBW) |
| | ) |
| LEXISNEXIS RISK SOLUTIONS INC., | ) |
| and SAGESTREAM, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

  The plaintiff, Thomas Alston, proceeding pro se, brings this civil action pursuant to the Fair Credit Reporting Act ("the Act"), 15 U.S.C. § 1681–1681x, against the defendants, LexisNexis Risk Solutions Inc. ("LexisNexis") and SageStream, LLC ("SageStream"). See First Ame[n]ded Complaint and Jury Demand ("Am. Compl.") ¶ 1, ECF No. 10. Currently pending before the Court are (1) LexisNexis's motion to dismiss Count II of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement of Count II pursuant to Federal Rule of Civil Procedure 12(e), see LexisNexis Risk Solutions Inc.'s Partial Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, Motion for a More Definite Statement ("LexisNexis's Mot."), ECF No. 11; and (2) SageStream's motion to dismiss both counts of the Amended Complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5), see Defendant SageStream, LLC's Motion to Dismiss Without Prejudice ("SageStream's Mot."), ECF No. 14. Upon careful consideration of the parties'

submissions,[1] the Court concludes for the following reasons that it must deny LexisNexis's motion and grant SageStream's motion.

## I. BACKGROUND

**A.   Factual Background**

The plaintiff, a resident of the District of Columbia, see Am. Compl. ¶ 2, alleges that the defendants are entities that "collect and furnish personal and/or credit information, including public records and 'hard' credit inquiries, to [consumer[2]] reporting agencies [ ] and/or other third parties[,]" id. ¶ 3. According to the plaintiff, between May 12, 2021, to July 19, 2021, see id. ¶¶ 5–7, the defendants reported "several unauthorized inquiries on [the p]laintiff's credit reports[,]" id. ¶ 4, from three consumer reporting agencies," id. ¶ 5–7, including five inquiries from third parties according to a consumer report from Equifax,[3] see id. ¶ 5; three inquiries from third parties according to a consumer report from Experian,[4] see id. ¶ 6; and one inquiry from a

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) LexisNexis Risk Solutions Inc.'s Memorandum in Support of Partial Motion to Dismiss [the] Plaintiff's First Amended Complaint or, Alternatively, Motion for a More Definite Statement ("LexisNexis's Mem."), ECF No. 11-1; (2) the Plaintiff's Opposition to [the] Defendant's Motion to Dismiss or, Alternatively, Motion for a More Definite Statement ("Pl.'s Opp'n"), ECF No. 12; (3) LexisNexis Risk Solutions Inc.'s Reply in Support of Its Partial Motion to Dismiss [the] Plaintiff's First Amended Complaint or, Alternatively, Motion for a More Definite Statement ("LexisNexis's Reply"), ECF No. 13; (4) the Defendant SageStream, LLC's Statement of Points and Authorities in Support of Its Motion to Dismiss Without Prejudice ("SageStream's Mem."), ECF No. 14-1; and (5) the Notice of Conceded Motion—[the] Defendant SageStream, LLC's Motion to Dismiss without Prejudice ("SageStream's Notice"), ECF No. 16.

[2] Although the plaintiff refers to these entities as "credit reporting agencies[,]" Am. Compl. ¶ 13, the Act actually refers to them as "consumer reporting agencies[,]" 15 U.S.C. § 1681s-2.  Accordingly, the Court will also refer to them as "consumer reporting agencies[.]"

[3] The plaintiff alleges that, on his "report from Equifax, [the d]efendants [ ] report[ed] five inquiries[—]including a [First National Bank of Omaha ("FNB Omaha")] inquiry on July 19, 2021[;] [Branch Banking & Trust Co. ("BB&T")] inquiries on June 2, 8, and 9, 2021[;] and a Universal Credit Services inquiry on May 12, 2021[—]that were not authorized by [him]."  Id. ¶ 5.

[4] The plaintiff alleges that, on his "report from Experian, [the d]efendants [ ] report[ed] three inquiries[—]including a [First National Bank of Omaha ("FNB Omaha")] inquiry on July 19, 2021[;] a PNC [Bank] inquiry on July 1, 2021[;] and a Universal Credit Services inquiry on May 12, 2021[—]that were not authorized by [him]."  Id. ¶ 6.

third party according to a consumer report from TransUnion,[5] see id. ¶ 7. Because the defendants allegedly "furnish[ed] [ ] false credit inquiries" by these third parties to the consumer reporting agencies, his credit reports reflected a "false record of credit searching attributed to [the p]laintiff[,]" thereby "caus[ing] users of [the p]laintiff's credit reports to believe [that he] was a higher credit risk than he was in fact." Id. ¶ 9.

"By letters dated June 1, 2021[;] June 18, 2021[;] and July 28, 2021[; the p]laintiff disputed the unauthorized credit inquiries[,]" id. ¶ 12, and, thereafter, "the [consumer] reporting agencies[—]Equifax, Experian[,] and Trans Union[—]forwarded notice of [the p]laintiff's disputes to the [d]efendants[,]" id. ¶ 13. According to the plaintiff, the "[d]efendants did not read [his] dispute letter" or "investigate the issues raised in [the] [ ] letter[,]" id. ¶ 30 (emphasis in original), but rather "responded to [the p]laintiff's dispute[s] by false[ly] representing to the [agencies] that the unauthorized credit inquiries were authorized by [the p]laintiff[,]" id. ¶ 14. According to the plaintiff, although "[a] reasonable investigation of [the p]laintiff's dispute would have entailed the [d]efendants contacting the entities [who] made the inquir[ies,] [ ] the [d]efendants [allegedly] verified the inquiries as authorized without contacting the entities who made the inquiries." Id. ¶ 15. And, the plaintiff represents that because the defendants did not "instruct the [consumer] reporting agencies to remove the unauthorized inquiries on [the p]laintiff's credit report, [he] was denied credit[.]" Id. ¶ 16.

**B.   Procedural History**

On November 1, 2021, the plaintiff filed his Amended Complaint in this case, see Am. Compl., asserting two counts of violations of 15 U.S.C. § 1681, see id. ¶¶ 17–44. On November 15, 2021, LexisNexis filed its partial motion to dismiss the plaintiff's first amended complaint or,

---

[5] The plaintiff alleges that, on his "report from Trans Union, [the d]efendants reported a Ucs/2 Patch Of Land inquiry on May 12, 2021, that was not authorized by [him]." Id. ¶ 7.

alternatively, for a more definite statement. See LexisNexis's Mot. at 1. On November 30, 2021, the plaintiff filed his opposition to the motion. See Pl.'s Opp'n to LexisNexis at 1. On December 6, 2021, the plaintiff filed his reply in support of his motion. See Pl.'s Reply at 1. Finally, on January 24, 2022, SageStream filed its motion to dismiss without prejudice. See SageStream's Mot. at 1.

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true and must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court need not accept as true, however "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Although a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56.

**B.      Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)**

Federal Rule of Civil Procedure 12(e) provides defendants with a remedy when complaints fail to satisfy the minimum pleading standard set forth in Rule 8(a).  Fed. R. Civ. P. 12(e).  "Thus, 'when a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement.'"  Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003) (citation omitted); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, (2002) (recognizing that "[i]f a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)").  However, "[a] complaint satisfies th[e] criterion [of Rules 8(a) and 12(e)] if it is not 'so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading[;]'" in other words, "a plaintiff need not allege all the facts necessary to prove its claim so long as it provides enough factual information to make clear the substance of that claim."  Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1086 (D.C. Cir. 1998) (citation omitted) (quoting Rule 12(e)).

**C.      Pro Se Plaintiff**

In applying the above legal framework, the Court is mindful of the fact that the plaintiff is proceeding in this matter pro se.  This appreciation is required because the pleadings of pro se parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Furthermore, "all filings by [a pro se plaintiff] should be read together in assessing whether [his C]omplaint[] should be dismissed[,]" Khatri v. Bd. of Trustees of Univ. of D.C., No. 19-cv-2644 (RBW), 2021

5

WL 2403087, at *6 (D.D.C. June 11, 2021) (Walton, J.), although a "pro se complaint, like any other, must present a claim upon which relief can be granted by the [C]ourt[,]" Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).  In addition, a pro se litigant "must comply with the Federal Rules of Civil Procedure and this Court's local rules[.]"  Hedrick v. Fed. Bureau of Investigation, 216 F. Supp. 3d 84, 93 (D.D.C. 2016) (citations omitted); see McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### III.    ANALYSIS

The Court will first address LexisNexis's motion, before turning to SageStream's motion, and for the following reasons, the Court will deny LexisNexis's motion and grant SageStream's motion.

**A.    LexisNexis's Motion**

LexisNexis moves to dismiss Count II or, in the alternative, for a more definite statement regarding the allegations in Count II.  See LexisNexis's Mot. at 1.  The Court will first address LexisNexis's motion to dismiss, before turning to its motion for a more definite statement.

**1.    LexisNexis's Partial Motion to Dismiss**

LexisNexis moves to dismiss Count II of the Amended Complaint, see id. at 1, which alleges that the "[d]efendants violated [15 U.S.C. §] 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of [the p]laintiff's dispute[, which] was forwarded to [the defendants] by the [consumer] reporting agencies[,]" Am. Compl. ¶ 29.  Section 1681s-2 sets forth the "[r]esponsibilities of furnishers of information to consumer reporting agencies[.]"  15 U.S.C. § 1681s-2.  Specifically, under § 1681s-2(b), "[a]fter receiving notice pursuant to [15 U.S.C. §

6

1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a [furnisher] to a consumer reporting agency, the [furnisher]" is required to:

> (A) conduct an investigation with respected to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to [§ 1681i(a)(2)];
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the [furnisher] furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation . . . , for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results on the reinvestigation promptly—
>   (i) modify that item of information;
>   (ii) delete that item of information; or
>   (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). When a furnisher fails to comply with § 1681s-2, the Act "provides a private right of action for violations . . . if the furnisher of information negligently or willfully failed to meet the requirements of that section." Cadmus v. Checkr, Inc., No. 19-cv-3459 (RC), 2021 WL 5411327, at *3 (D.D.C. Sept. 14, 2021) (internal quotation marks and alterations omitted).

Here, LexisNexis argues that the plaintiff has failed to allege either that (1) LexisNexis is a "furnisher" within the meaning of § 1681s-2(b), see LexisNexis's Mem. at 4, or (2) LexisNexis furnished any "information" to consumer reporting agencies within the meaning of § 1681s 2(b), see id. at 6. In response, the plaintiff argues that (1) LexisNexis has sufficiently "acted as a furnisher[,]" Pl.'s Opp'n at 2 (emphasis in original); and (2) the "hard credit inquiries" furnished by LexisNexis to the consumer reporting agencies are "information" within the meaning of § 1681s-2(b), id. at 4. For the following reasons, the Court concludes that it must deny LexisNexis's motion.

### a.      Whether LexisNexis Is a "Furnisher" of Information Under § 1681s-2(b)

First, LexisNexis argues that the plaintiff has failed to allege that it is a "furnisher of information" under § 1681s-2(b) because the "[p]laintiff alleges [that LexisNexis] is both a furnisher and a [consumer reporting agency, b]ut[,]" according to federal regulations, "an entity cannot be both a furnisher and a[ consumer reporting agency.]" LexisNexis's Mem. at 5.  In response, the plaintiff argues that an entity may be both a furnisher and a consumer reporting agency, so long as it acted only as a furnisher regarding the information at issue.  See Pl.'s Opp'n at 2.

"While the [Act itself] does not explicitly define [the term] 'furnishers[,]'" Himmelstein v. Comcast of the Dist., L.L.C., 931 F. Supp. 2d 48, 52 (D.D.C. 2013), 16 C.F.R. § 660.2 defines a "furnisher" as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 16 C.F.R. § 660.2(c); see 12 C.F.R. § 1022.41(c) (providing the same definition).; see also Chiang v. Verizon New Eng., Inc., 595 F.3d 26, 35 n.7 (1st Cir. 2010) (noting that a furnisher may be "any person with relevant data about a consumer's financial activity[,]" and the "most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies"). However, an entity "is not a furnisher when[,]" 16 C.F.R. § 660.2(c), inter alia, it "[i]s acting as a 'consumer reporting agency[,]' as defined in [§] 603(f) of the [Act,]" id. § 1022.41(c)(2).  Section 603(f) states that a "consumer reporting agency" is

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

8

15 U.S.C. § 1681a(f). Therefore, when read together, these provisions provide that an entity "that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report[,]" 16 C.F.R. § 660.2, is not acting as a furnisher, see id. § 660.2(c)(3), when it is "preparing or furnishing consumer reports[,]" 15 U.S.C. § 1681a(f). In sum, a single entity cannot be both the furnisher of information to a consumer reporting agency and the consumer reporting agency receiving that same information. However, contrary to LexisNexis's argument, see LexisNexis's Mem. at 5 ("[A]n entity cannot be both a furnisher and a [consumer reporting agency]."), the regulations do not state that an entity may not at different times and in regards to different information sometimes act as a consumer reporting agency and sometimes act as a furnisher of information to other agencies. Consequently, there is nothing inherently contradictory about the plaintiff's allegations that LexisNexis is a "furnisher[] when [it is] furnishing information to [consumer reporting agencies] and [is a consumer reporting agency] when furnishing credit reports[,]" Am. Compl. ¶ 3.

Accordingly, the key question here is whether the plaintiff has alleged that LexisNexis is acting as a furnisher—rather than a consumer reporting agency—with respect to the particular information that was allegedly provided to the three consumer reporting agencies named in the plaintiff's Amended Complaint. As the plaintiff correctly argues, see Pl.'s Opp'n ¶¶ 6–7, he has adequately alleged that LexisNexis was only acting as a furnisher of the information submitted to Equifax, Experian, and Trans Union.

In his Amended Complaint, the plaintiff alleges that he "disputed [ ] inaccurate credit inquiries appearing on his [Equifax, Experian, and Trans Union] credit reports as a result of the

9

[d]efendants' furnishing of that information to" Equifax, Experian, and Trans Union,[6] Am. Compl. ¶ 28; see id. ¶¶ 5–7 (discussing the purported unauthorized inquiries on each credit report). "[T]reating the [Amended C]omplaint's factual allegations as true[,]" as the Court must, see Sparrow, 216 F.3d at 1113, these allegations adequately allege that LexisNexis was the "furnisher" of the information, see 12 C.F.R. § 1022.41(c), and that Equifax, Experian, and Trans Union were the "consumer reporting agencies" that received the information from LexisNexis as part of "preparing or furnishing [the plaintiff's] consumer reports[,]" 15 U.S.C. § 1681a(f). Cf. Armstrong v. Navient Solutions, LLC, 292 F. Supp. 3d 464, 468 (D.D.C. 2018) (citing 15 U.S.C. § 1681s-2) ("The [Act] imposes duties on [agencies] and on entities that furnish information about borrowers to [agencies] . . . Here, [the defendant] is a 'furnisher' within the meaning of the [Act] because it allegedly provided information about [the p]laintiffs' loan balances and 'creditworthiness' to [agencies], which then used that information to generate credit reports."). Accordingly, the Court concludes that the plaintiff has adequately alleged that LexisNexis was

---

[6] In his opposition, the plaintiff provides additional allegations supporting his claim that LexisNexis was acting as a "furnisher" regarding the information that he allegedly disputed, see Pl.'s Opp'n at 2–3, which the Court may consider due to the plaintiff's pro se status, see Khatri, 2021 WL 2403087, at *6 ("[T]he plaintiff's pro se status leads the Court to conclude that all filings by the plaintiff should be read together in assessing whether his Complaint should be dismissed.") (internal quotation marks omitted). Specifically, the plaintiff states that

> [t]he [Amended C]omplaint does not allege that Lexis[Nexis] was acting as [a] credit reporting agency when it furnished information about hard credit inquiries to [] Equifax, Experian[,] and Trans Union. Rather, as Lexis[Nexis] acknowledges, [the p]laintiff alleged that [the d]efendant acted as a 'furnisher' when it furnished information about the hard credit inquiries to Equifax, Experian[,] and Trans Union. . . . Clearly, with respect to the hard inquiries, [the p]laintiff is only alleging that [] Lexis[Nexis] acted as a furnisher. [The p]laintiff does not allege that Lexis[Nexis] acted as both a 'furnisher and 'credit reporting agency' with respect to the hard credit inquiries. To be sure, [the Amended C]omplaint does allege [that] Lexis[Nexis] did act as a credit reporting agency also at one point in time. However, the [Amended C]omplaint clearly alleges that Lexis[Nexis] acted as a credit reporting agency only with respect to the credit reports that Lexis[Nexis] maintains on [the p]laintiff. . . . While Lexis[Nexis] is acting as a credit reporting agency with respect to its own credit reports, Lexis is not acting as a credit reporting agency with respect to credit reports maintained by Equifax, Experian[,] and Trans Union.

Pl.'s Opp'n at ¶¶ 6–9 (emphases in original) (citing Am. Compl. ¶¶ 4–7, 10, 11, 19). These allegations further support the Court's conclusion that the plaintiff has adequately alleged that LexisNexis was the "furnisher" of the information, see 16 C.F.R. § 660.2, provided to Equifax, Experian, and Trans Union.

acting as a furnisher, rather than a consumer reporting agency, regarding the information that he disputed.  Cf. id. (concluding that Navient Solutions, LLC was "a 'furnisher' within the meaning of the [Act] because it allegedly provided information about [the p]laintiffs' loan balances and 'creditworthiness' to [consumer reporting agencies], which then used that information to generate credit reports").

    b.  Whether the "Hard Credit Inquiries Furnished by LexisNexis Constitute 'Information'" Under § 1681s-2(b)

  Second, LexisNexis argues that the plaintiff has not adequately alleged that LexisNexis is a "furnisher" because the inquiries that the plaintiff alleges LexisNexis furnished to the consumer reporting agencies do not qualify as "information relating to consumers" within the meaning of 16 C.F.R. § 660.2.  See LexisNexis's Mem. at 6; 16 C.F.R. § 660.2 (defining a "furnisher" as "an entity that furnishes <u>information relating to consumers</u> to one or more consumer reporting agencies for inclusion in a consumer report" (emphasis added)).  In response, the plaintiff argues that "a credit inquiry is plainly information that relates to [him]" within the meaning of § 660.2.  Pl.'s Opp'n at 4.

  In support of its argument, LexisNexis relies on language from the statement in Alston[7] v. Freedom Plus/Cross River, 17-cv-33 (TDC), 2018 WL 770384 (D. Md. Feb. 7, 2018), that "[a]n inquiry '[could not] constitute information relating to [Ms.] Alston.'"  LexisNexis's Mem. at 6 (quoting Alston, 2018 WL 770384, at *7).  However, that case is inapplicable to this case.  In that case, the plaintiff sued several banks and financial entities that she alleged had requested her credit report from consumer reporting agencies, alleging, inter alia, that they had violated their duties as furnishers under § 1681s-2(b).  See Alston, 2018 WL 770384, at *1.  The court

---

[7] LexisNexis represents that the plaintiff in Alston v. Freedom Plus/Cross River, Yvonne Alston, is a relative of the plaintiff in this case.  See LexisNexis's Mem. at 5 n.4.  However, even if this is correct, the relationship alone between Ms. Alston and the plaintiff is irrelevant to this case.

concluded that Ms. Alston had not adequately alleged that the defendant banks and financial entities were furnishers because they "c[ould ]not plausibly be deemed to hold relevant information about [Ms.] Alston, let alone to have furnished it to a [consumer reporting agency]," when "[t]he only communication that [Ms.] Alston allege[d] any [d]efendant to have made to a[n] agency] was an inquiry[,]" i.e., a request for her credit report. Id. at *7.

Here, however, the plaintiff has sued the defendants, whom he alleges were responsible for "collect[ing]" the inquiries made by third parties "and furnish[ing]" those inquiries to the consumer reporting agencies, see Am. Compl. ¶ 3, resulting in the inquiries from the agencies appearing on the plaintiff's credit reports, see id. ¶¶ 5–8. Unlike the plaintiff in Alston, the plaintiff here has not sued the entities that made the inquiries in the first place, which in this case was allegedly "BB&T[,]" id. ¶ 5; "FNB Omaha[,]" id. ¶ 6; "Universal Credit Services[,]" id. ¶ 5; "PNC[ Bank,]" id. ¶ 6; and "Ucs/2 Patch of Land[,]" id. ¶ 7. Compare id. ¶¶ 3–8, with Alston, 2018 WL 770384, at *1. Consequently, Alston's conclusion that inquiries by banks and financial institutions to consumer reporting agencies for a consumer's credit report do not "constitute 'information relating to' Alston[,]" Alston, 2018 WL 770384, at *7, is inapplicable here.

Selectively quoting from Alston, LexisNexis argues that "[a]n inquiry 'cannot constitute information relating to [the plaintiff]." LexisNexis's Mem. at 6 (quoting Alston, 2018 WL 770384, at *7). However, when read in context, Alston does not amount to such a broad holding and, as discussed above, its actual holding is not applicable to this case. See Alston, 2018 WL 770384, at *7. Accordingly, the Court concludes that the plaintiff has adequately alleged that LexisNexis is a furnisher under § 1681s-2(b), and LexisNexis's partial motion to dismiss must be denied.

12

**2. LexisNexis's Motion in the Alternative for a More Definite Statement**

The Court now turns to LexisNexis's motion in the alternative for a more definite statement. LexisNexis argues that the complaint filed by the plaintiff in Alston v. Equifax Information Services, Civil Action No. 21-2323, which was filed on the same day as he filed the Complaint in this case, contradicts the allegations in the Complaint in this case. See LexisNexis's Mem. at 7–8; see also id. at 8 (comparing the allegations in the two complaints). In response, the plaintiff argues that LexisNexis "does not cite a single source of authority to support its argument that a complaint" can be deficient under Federal Rule of Civil Procedure 12(e) "based on a different complaint[,]" and that Rule 8 "explicitly permits" contradictory allegations. Pl.'s Opp'n ¶ 19. For the following reasons, the Court will also deny LexisNexis's motion for a more definite statement.

Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[T]he basis for requiring a more definite statement under Rule 12(e) is unintelligibility," Thorp v. District of Columbia, 309 F.R.D. 88, 90 (D.D.C. 2015) (citations and internal quotation marks omitted), i.e., there must be a "major ambiguity or omission" that renders a complaint unanswerable, United Ins. Co. of Am. v. B.W. Rudy, Inc., 42 F.R.D. 398, 403 (E.D. Pa. 1967). See, e.g., Dorsey v. Am. Express Co., 499 F. Supp. 2d 1, 3 (D.D.C. 2007) (granting a Rule 12(e) motion where the pro se plaintiff's complaint was not detailed enough to provide fair notice).

Here, LexisNexis does not argue that the Amended Complaint "is so vague or ambiguous that [it] cannot reasonably prepare a response[,]" Fed. R. Civ. P. 12(e), within the meaning of Rule 12(e). See generally LexisNexis's Mem. at 8–9. To the contrary, LexisNexis's memorandum and reply, which thoroughly address the allegations in the Amended Complaint,

13

see, e.g., LexisNexis's Mem. at 2 (representing that the plaintiff's "claims stem from the alleged 'reporting' of 'inquiries' on his 'reports' issued by the three national consumer reporting agencies: Equifax, Experian, and TransUnion[;] also LexisNexis's Reply at 2 (arguing that the First Amended Complaint "revolves around [LexisNexis's] alleged 'reporting' of 'unauthorized inquiries' on [the p]laintiff's Equifax, Experian, and Trans Union [sic] reports"), exhibit a clear appreciation and understanding of what the plaintiff is alleging in his Amended Complaint. See Potts v. Howard Univ., 269 F.R.D. 40, 43 (D.D.C. 2010) (denying a motion for a more definite statement because "a review of the defendants' submissions established that the defendants underst[oo]d the crux of [Potts'] claim"). Instead of arguing that the plaintiff's Amended Complaint is "unintelligib[le,]" Thorp, 309 F.R.D. at 90 (citations and internal quotation marks omitted), LexisNexis argues that the allegations in the Amended Complaint conflict with allegations made in another case filed by the plaintiff— Alston v. Equifax, Civil Action No. 21-2323, see LexisNexis's Mem. at 8–9.  However, as the plaintiff correctly notes, see Pl.'s Opp'n at ¶ 19, LexisNexis does not cite, and the Court has been unable to locate, any authority supporting the proposition that a pleading is "vague or ambiguous" within the meaning of Rule 12(e), see Fed. R. Civ. P. 12(e), if its allegations are contradicted by allegations made in other cases.  See generally LexisNexis's Mem.; LexisNexis's Reply.  Furthermore, to the extent that LexisNexis is arguing that the Amended Complaint is "vague or ambiguous[,]" Fed. R. Civ. P. 12(e), because the allegations are inconsistent with the Complaint filed by the plaintiff in another case, that question is ripe for discovery to explore.  See Johnson v. Metro. Direct Prop. & Cas. Ins. Co., No. 18-cv-1715 (JEB), 2019 WL 176851, at *3 (D.D.C. Jan. 11, 2019) ("Time and again, courts in this district have noted that a Rule 12(e) motion is an improper vehicle for

14

seeking evidence underlying a complaint's factual allegations."). Accordingly, the Court will deny LexisNexis's motion for a more definite statement.

**B.      SageStream's Motion**

The Court now turns to SageStream's motion, in which it "requests that this Court dismiss all claims alleged against [it] without prejudice" because, as of the date of filing of the motion, "[the p]laintiff ha[d] failed to provide [it with] the requisite notice and service required to initiate a lawsuit[.]" SageStream's Mot. at 1–2. After SageStream filed its motion on January 24, 2022, the plaintiff failed to file any opposition within the period permitted by the Local Civil Rules. See LCvR 7(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion."). Therefore, on February 25, 2022, the Court ordered that "on or before March 11, 2022, the plaintiff shall file [a] memorandum in opposition to [SageStream's Motion] if he intends to oppose the motion[,]" and advised him that, if he failed to do so, "the Court may dismiss the plaintiff's claims against SageStream upon a finding that the arguments raised by SageStream in its motion are meritorious." Order at 3 (Feb. 25, 2022), ECF No. 17. However, as of the date of the issuance of this Memorandum Opinion, the plaintiff has not filed any opposition to SageStream's motion.

Because the plaintiff has failed to file any opposition or proof of service, the Court will consider SageStream's motion to be conceded. See General Order for Civil Cases Before the Honorable Reggie B. Walton ¶ 5(e), ECF No. 15 ("If a party fails to oppose a motion, the Court may treat the motion as conceded."); LCvR 7(b) ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."). And, without any proof of service on SageStream provided by the plaintiff within the ninety-day time frame permitted under Federal Rule of Civil Procedure 4(m) or any demonstration by the plaintiff of "good cause

15

for [his] failure" to serve SageStream, Fed. R. Civ. P. 4(m), the Court concludes that SageStream's motion is meritorious.  Accordingly, the Court will grant SageStream's motion and dismiss without prejudice the plaintiff's claims against SageStream.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it must deny LexisNexis's motion and grant SageStream's motion.

**SO ORDERED** this 16th day of December, 2022.[8]

REGGIE B. WALTON<br>United States District Judge

---

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.